**Sharles O.D. STROUD, Petitioner,**

v.

**Bridgette STROUD, William Edwards, and the Attorney General's Office, Respondents.**

No. 05–86–00616–CV.

Court of Appeals of Texas, Dallas.

June 5, 1987.

Elizabeth W. Segovis, McKinney, for petitioner.

Tohnie E. Hynds, Sherman, for respondents.

Before STEPHENS, ROWE and THOMAS, JJ.

THOMAS, Justice.

The question in this appeal by writ of error is whether the State, as the statutory assignee of the right to collect child support, virtually represents the child when it brings a paternity action against the child's alleged biological father for the purpose of collecting such support payments. If so, the child is a party to the action, even though unnamed in the State's petition as such, because the judgment in the State's suit litigated his interests; if not, the child is unaffected by the judgment in that action and is not, therefore, entitled to seek appellate review to question that judgment. We hold that the State does not virtually represent the child and, unless the child is made a party through a next friend or guardian ad litem, the resolution of the State's paternity action is not binding upon the child. Thus, the child has no standing to seek appellate review of the judgment entered in this case.

This appeal, by writ of error, is brought on behalf of a two-year-old infant who was born out of wedlock and who has no legal father. After his birth, the infant's mother applied for aid to families with dependent children with the Department of Human Resources. In doing so, the State was, by operation of law, assigned the right to collect child support payments. *See* TEX. HUM.RES.CODE ANN. § 46.003 (Vernon 1980). To enforce this assigned right, the State brought a paternity suit against the alleged biological father of the child, so that it could establish the parent-child relationship necessary to assert the imposition on the alleged father of the duty of making such payments. However, this action was dismissed *with prejudice,* apparently with the agreement of the State, after the mother failed to appear with the child for blood tests ordered by the trial court. At no time did the State allege that it sued as the next friend of the child, and no guardian ad litem was appointed for the child. After the State's paternity suit was dismissed, the mother, in her capacity as the child's next friend, filed a second paternity suit against the alleged father. The alleged father answered with a plea that the dismissal with prejudice of the State's paternity suit barred a second suit by the child under the doctrine of res judicata. The mother took a nonsuit in the second suit and now seeks, on behalf of the child, to appeal from the dismissal of the first suit.

■ The threshold issue in this appeal is whether the child is entitled to bring an appeal from that judgment. Persons who are strangers to a judgment have no right to seek review on appeal. *In re Dudley's Estate,* 88 S.W.2d 616, 619–20 (Tex.Civ. App.—San Antonio 1935, writ dism'd w.o. j.). That right is limited to those whose rights are concluded by the judgment in question. *Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ); *California & Hawaiian Sugar Co. v. Bunge Corp.,* 593 S.W.2d 739, 740 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In a personal action such as

the present case, the judgment is conclusive only upon those persons who are named as parties or whose interests are represented by a party of record. *Knioum v. Slattery*, 239 S.W.2d 865, 866 (Tex.Civ. App.—San Antonio 1951, writ ref'd).

As previously indicated above, the child was not named in the State's pleadings as a party, the State did not purport to represent the child as his next friend, and no guardian ad litem was appointed. Nevertheless, the State may be presumed to have acted as the child's next friend if the record clearly demonstrates that the suit was based solely on the child's rights, that only the child could have been entitled to recovery based on the allegations of the pleadings, and that the relief sought was solely for the use and benefit of this child. *Gulf, C. & S.F. Ry. Co. v. Styron*, 66 Tex. 421, 425, 1 S.W. 161, 163 (1886). To hold that the State in fact brought the first paternity suit as the next friend of the child, and, thus, litigated the child's right to a determination of paternity, is untenable because the relief sought was not *solely* for the use and benefit of the child.

■■■ The State's paternity suit was brought to establish the legal parental relationship between the alleged father and the child, which is a prerequisite to imposing the duty to pay support on the alleged father. *Texas Department of Human Services v. Delley*, 581 S.W.2d 519, 522 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.). An individual may be ordered to pay for the support of a child only if it is determined that a parent-child relationship exists between the individual and the child in question. *Mata v. Moreno*, 601 S.W.2d 58, 59 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The State's standing to bring this action rested solely on the fact that the mother had applied for aid to families with dependent children. In doing so, by operation of law, she assigned to the State "any rights to support from any other person the applicant or recipient may have ... for a child for whom the applicant or recipient is claiming assistance...." TEX.HUM.RES.CODE ANN. § 46.003(a) (Vernon 1980). This section further authorizes the State either to distribute the payments collected to the family for whom they are made, or "to use the payments to provide assistance and services to ... needy dependent children." TEX.HUM. RES.CODE ANN. § 46.003(b) (Vernon 1980). A plain reading of this provision clearly manifests a legislative intent to confer upon the appropriate state agency the discretion to reallocate such payments in whatever manner it deems best designed to meet the needs of all dependent children, including the expenditure of any payments that may have been made for this child for the benefit of *other* children. We cannot say that the State, having been vested with this discretion, brought this action to impose on the alleged father the duty to make support payments *solely* for the benefit of this child. Under the test in *Styron*, it necessarily follows that the State could not have brought the suit as the next friend of the child.

Having determined that the child was not a party to the paternity suit which resulted in a dismissal with prejudice, we turn to the question of whether the child is nevertheless entitled to appellate review, because under the doctrine of virtual representation, his rights were adjudicated in the State's lawsuit. *Grohn v. Marquart*, 487 S.W.2d 214, 217 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). In resolving this question, it is not sufficient that the child is interested in or affected by the matter litigated. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex.1965). Instead, his interests must have been identical to those of the State before the child will be considered to have been virtually represented by the State, and thus entitled to appellate review of the judgment in that litigation. *Industrial Generating Co. v. Jenkins*, 410 S.W.2d 658, 661 (Tex.Civ.App. —Austin 1966, no writ).

As the statutory assignee, the State's interest in this suit was limited to the mother's right to receive payments for the support of the child for the child's benefit. TEX.FAM.CODE ANN. § 12.04 (Vernon 1986); TEX.HUM.RES.CODE ANN. § 46.-003(a) (Vernon 1980). The child's interests, however, in establishing the parent-child

relationship with his father, extend far beyond support, and include the right to a relationship with his father, the avoidance of the social stigma imposed on those burdened by the status of illegitimacy, and the right to inherit. The identity of interests depends upon a careful examination of the facts and circumstances involved in each case. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971). Mindful of this amdonition, we cannot say under the present facts that the interest of the State was so identical with those of the child that the child's other interests were certain to have been adequately represented. Consequently, we hold that the child was not virtually represented by the State in the latter's paternity suit against the alleged father of this child. *Industrial Generating Co. v. Jenkins*, 410 S.W.2d at 661.

Having been neither a party nor virtually represented by a party to the first suit, the child's rights with respect to the alleged father are not concluded by the dismissal with prejudice. Therefore, we dismiss the petition for writ of error on the ground that the child has no standing to challenge an adjudication which is in no way binding upon him. It is so ordered.