**Carmen Louise BELLINGER, Appellant,**

v.

**Gerald Walter PURCELL, Appellee.**

**No. 04-95-00120-CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 27, 1995.

Travis Thompson, Thompson Law Firm, Houston, for Appellant.

R.V. Hebisen, Houston, for Appellee.

Before LÓPEZ, GREEN and BUTTS[1], JJ.

## OPINION

LÓPEZ, Justice.

Bellinger filed suit against Purcell both in her individual capacity and as next friend for her son A.G.B., seeking a determination of paternity. Purcell filed a motion for summary judgment based on res judicata and collateral estoppel. The trial court granted Purcell's motion. We reverse the trial court's ruling on the summary judgment motion and remand the case for further proceedings.

Bellinger had filed a paternity action in the New York Family Court in her individual capacity after A.G.B.'s birth in January of 1979. After a hearing, the New York suit was dismissed with prejudice in July 1980,

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't

when the court found Bellinger's proof was not "clear, convincing and entirely satisfactory." A.G.B. was not represented by an attorney or guardian ad litem in the New York action. The New York suit was the basis for Purcell's claim that this suit was barred by res judicata and collateral estoppel.

In her sole point of error Bellinger claims that the trial court erred in granting the summary judgment as to A.G.B. because he was not represented in the prior action. Bellinger asserts three sub-points in support of her contention: 1) res judicata and collateral estoppel do not apply to A.G.B. because he was not a party and was not represented in the prior action; 2) a genuine issue of material fact exists as to whether the presumption in Texas Family Code § 13.07 has been rebutted when the child's interest may be adverse to the issues litigated in the prior action; and 3) the summary judgment amounts to discrimination against A.G.B., violating the Due Process and Equal Protection Clauses of the United States and Texas Constitutions.

Section 13.07 of the Texas Family Code provides a rebuttable presumption that "in a trial on the merits before a judge or jury the interests of the child will be adequately represented by the party bringing suit to establish paternity of the child." Tex.Fam.Code Ann. § 13.07 (Vernon Supp.1995) (currently at § 160.005 Vernon Supp.1996).

When the child is not a named party and is not represented or appointed a guardian ad litem in the prior suit, a separate action can be brought through a "next friend" for the child. *R.M.H. by Gabert v. Messick,* 828 S.W.2d 226, 230 (Tex.App.— Fort Worth 1992, no writ) (child could not be party to bill of review on mother's paternity action, but had remedy in filing new action); *Attorney General v. Ridge,* 773 S.W.2d 645, 648 (Tex.App.—San Antonio 1989, writ denied) (child not barred from bringing action to establish parent-child relationship when not named in prior suit and no guardian ad litem appointed).

Code Ann. § 74.003(b) (Vernon 1988).

When a prior paternity suit has been unsuccessful, Texas courts have held that the child is not barred from further action under the theory of virtual representation. *Stroud v. Stroud,* 733 S.W.2d 619, 620–21 (Tex. App.—Dallas 1987, no writ); *Ridge,* 773 S.W.2d at 648; *cf. B.I.V. v. Longoria,* 897 S.W.2d 395, 398 (Tex.App.—Corpus Christi 1995, n.w.h.). The court in *Stroud* specified that the child's subsequent suit would only be barred "if the record clearly demonstrates that the [previous] suit was based solely on the child's rights ... and that the relief sought was solely for the use and benefit of this child." 733 S.W.2d at 621.

The ultimate question is whether the mother's interests were so identical to the child's that they were adequately represented in the prior action. *R.M.H.,* 828 S.W.2d at 230; *Stroud,* 733 S.W.2d at 621; *cf. B.I.V.,* 897 S.W.2d at 398. Two Texas appellate courts have differentiated between the mother's desire to establish paternity in order to collect child support, and the child's interest in legitimacy and possible inheritance. *R.M.H.,* 828 S.W.2d at 230; *Stroud,* 733 S.W.2d at 622.

We recognize the Texas Supreme Court's holding in *Dreyer v. Greene,* where it refused to allow a subsequent paternity suit against a third party when the children were already adjudicated children of the marriage in a divorce decree. 871 S.W.2d 697, 698 (Tex. 1993). We do not find the circumstances and the holding in *Dreyer* applicable to this case because A.G.B. has no presumed father and has never been legitimated.

Purcell cites to one New York case that held the interests of the child were presumed to have been litigated in a paternity action brought by the mother. *In re Ronald Slocum,* 183 A.D.2d 102, 588 N.Y.S.2d 930 (N.Y.Sup.Ct.1992). Purcell contends, therefore, that because A.G.B. would be barred from filing suit in New York, there should be no suit in Texas. This court, however, is bound by Texas law, not that of New York.

In her second sub-point, Bellinger contends that fact issues exist as to whether the presumption in § 13.07 of the Family Code has been rebutted. She asserts that her son has his own separate interests in establishing paternity.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311. A defendant moving for summary judgment on an affirmative defense must conclusively prove all elements of that defense. *Swilley,* 488 S.W.2d at 67.

Bellinger filed an affidavit in which she explained that a "primary purpose" in filing the suit was to have many of A.G.B.'s own questions regarding his family background answered. She asserts that at age fourteen he was raising questions concerning paternity. Purcell did not provide any defense to the assertions made in this affidavit regarding the child's separate interests. The opinion issued by the New York trial court in dismissing the previous suit did not discuss the child's interests. Furthermore, although Purcell claims that Bellinger received a full evidentiary hearing on paternity in New York, it appears that most of the evidence Bellinger sought to introduce was found inadmissible, including a blood test that excluded 99.4% of the male population.

Bellinger also points to *Stroud* where the court listed examples of a child's unique interest in establishing paternity, including 1) establishing a relationship with the father, 2) avoiding the social stigma of illegitimacy, and 3) the right to inherit. *Stroud,* 733 S.W.2d at 622. Because the trial court granted the summary judgment, there was no opportunity for the child, represented by Bellinger as next friend, to address his separate interests. We find that Bellinger's affidavit asserting

her son's questions regarding his family background is enough to establish a genuine issue of material fact, thereby precluding summary judgment. *See Nixon,* 690 S.W.2d at 548–49.

The ruling on the summary judgment was improper because the child was not represented in the prior suit as a party or by counsel, and because Purcell did not meet his burden of establishing that the child did not have separate interests in bringing his own action to establish paternity. Because we will reverse the ruling of the trial court under the two sub-points already addressed, there is no need for us to consider Bellinger's constitutional arguments.

The judgment of the trial court is reversed and the case is remanded for further proceedings.