**Gerard Walter PURCELL, Petitioner,**

v.

**Carmen Louise BELLINGER, as next friend of A.G.B., a minor child, Respondent.**

**No. 96–0156.**

Supreme Court of Texas.

Jan. 31, 1997.

R.V. Hebisen, Houston, for petitioner.

Travis R. Thompson, Houston, for respondent.

## OPINION

PER CURIAM.

The issue in this case is whether a New York order dismissing with prejudice a mother's petition for paternity precludes a subsequent paternity suit in Texas brought by the mother as next friend of the child. We hold that the doctrine of res judicata bars the second suit. Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Carmen Bellinger gave birth to a child out of wedlock, and she subsequently filed a paternity suit in family court in New York, in her individual capacity only, alleging that Gerard Purcell was the biological father of her minor child, A.G.B. A.G.B. was not a party to the New York suit, and he was not represented by a guardian ad litem. Following a bench trial, the New York court dismissed Bellinger's suit with prejudice, finding that Bellinger did not meet her burden of providing "clear, convincing and entirely satisfactory" proof of paternity.

Thirteen years later, Bellinger filed a paternity suit against Purcell in Harris County, Texas, suing in her individual capacity and as next friend of A.G.B. Purcell moved for summary judgment on the ground that the New York judgment barred the present suit under the doctrines of res judicata and collateral

estoppel. The Texas trial court granted summary judgment.

Bellinger appealed the Texas judgment only as next friend of A.G.B. The court of appeals reversed the summary judgment as to A.G.B. and remanded the case for trial, holding that the prior judgment against Bellinger individually did not preclude a subsequent paternity suit in the name of her son. 914 S.W.2d 630. Purcell applied to this Court for writ of error.

Before determining whether the New York judgment is res judicata or has preclusive effect, we must first decide which state's law to apply in answering that inquiry. Purcell contends that if the New York judgment would bar a subsequent suit in A.G.B.'s name in New York, it bars such a suit in Texas as well. The court of appeals rejected this argument, instead applying Texas law to determine the res judicata effect of the New York judgment. *Id.* at 632.

■ The court of appeals erred in applying Texas law. *See Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 718 (Tex.1990) (applying federal res judicata law in state court action because the prior judgment was rendered by a federal court); *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985) (same); *see also Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 135, 32 S.Ct. 641, 645, 56 L.Ed. 1009 (1912) (noting in dictum that a foreign judgment's estoppel effect is determined by the law of the state from which it comes); RE-STATEMENT (SECOND) OF CONFLICT OF LAWS §§ 93 cmt. b, 94 (1971). If the New York judgment is a valid, final judgment that would have had preclusive effect on this suit had it been brought in New York, then it bars this suit in Texas as well. *See Bard v. Charles R. Myers Ins. Agency,* 839 S.W.2d 791, 795 (Tex.1992).

■ Under New York law, as in most jurisdictions, res judicata gives binding effect to a valid judgment and prevents the parties to an action, or those in privity with them, from subsequently relitigating questions that were necessarily decided in the prior action. *See Watts v. Swiss Bank Corp.,* 27 N.Y.2d 270, 317 N.Y.S.2d 315, 320, 265 N.E.2d 739 (1970). A person may be bound by a prior judgment, even though not a party to that judgment, if "the interests of the nonparty can be said to have been represented in the prior proceeding." *Green v. Santa Fe Indus.,* 70 N.Y.2d 244, 519 N.Y.S.2d 793, 796, 514 N.E.2d 105 (1987).

■ At the time Carmen Bellinger brought the New York paternity suit, the New York statutes did not give a child the right to bring a paternity proceeding. *See* N.Y. FAM. CT. LAW § 522 (McKinney 1983). The New York courts have interpreted that statute to "clearly envisage[ ] that the mother would be representing her child's interest as well as her own," absent evidence that suggests that the mother did not prosecute the action vigorously or other evidence to suggest that the child's interests were not adequately protected. *Slocum on Behalf of Nathan A v. Joseph "B",* 183 A.D.2d 102, 588 N.Y.S.2d 930, 933 (N.Y.App.Div.1992). The *Slocum* court held that a prior paternity determination in an action brought by the mother precluded a subsequent suit on behalf of a child. *Id.* The New York Legislature amended section 522 in 1985 to allow a child to bring a paternity proceeding. *See* 1985 N.Y. Laws, ch. 809, § 22 (codified at N.Y. FAM. CT. LAW § 522 (McKinney Supp.1996)). Even after the amendment, New York courts have held that, generally, privity exists between a mother and child in previous paternity proceedings brought by the mother, unless the child can show that its interests were not fully represented in the prior proceeding— for example, because that proceeding was not fully litigated by the mother. *See Elacqua v. James "EE",* 203 A.D.2d 688, 610 N.Y.S.2d 354, 355–56 (N.Y.App.Div.1994) (holding that mother's prior paternity suit did not bar child's subsequent suit because the mother's suit was dismissed as a result of her failure to fully litigate the action); *see also Jason H. v. John C.,* 641 N.Y.S.2d 377, 377 (N.Y.App. Div.1996) (holding that mother and son were in privity with one another in prior paternity suit brought by mother; therefore, prior suit barred son's subsequent suit under doctrine of res judicata).

■ In arguing that A.G.B.'s interests were not fully represented in the prior New York paternity action, Bellinger relies solely on her own affidavit attached to her sum-

mary judgment response. She states that A.G.B. is "very curious as to his family background and origins." She then asserts that she is bringing this action so that A.G.B. can have his own questions answered and that those questions are "not necessarily identical" to Bellinger's interests in the previous paternity suit. This conclusory statement is not sufficient to create a fact question regarding whether A.G.B.'s interests were fairly represented in the New York suit.

■ The Texas court of appeals questioned whether Bellinger received a full hearing because the New York trial court excluded some evidence that Bellinger attempted to introduce. 914 S.W.2d at 632. However, regardless of whether that ruling was correct, it has no effect on the application of res judicata. *See Statter v. Statter,* 2 N.Y.2d 668, 163 N.Y.S.2d 13, 18, 143 N.E.2d 10 (1957) (holding that res judicata prohibits collateral attack on objections that could have been raised in the first action); *accord Segrest v. Segrest,* 649 S.W.2d 610, 612 (Tex. 1983) (noting that the correctness of the former judgment does not affect the application of res judicata). To allow Bellinger to challenge the New York judgment on the basis of alleged evidentiary errors during trial would constitute an impermissible collateral attack.

Bellinger failed to offer any summary judgment evidence that A.G.B.'s interests were not adequately litigated in the New York proceeding. Thus, under New York law, Bellinger and A.G.B. were in privity in that proceeding, and the doctrine of res judicata bars the subsequent Texas suit.

■ We note that under Texas law, the Family Code provides a rebuttable presumption that "in a trial on the merits before a judge or jury ... the interests of the child will be adequately represented by the party bringing suit to establish parentage of the child." TEX. FAM.CODE § 160.003 (previously codified at TEX. FAM.CODE § 13.07). Unless the child rebuts this presumption, a judgment in a prior paternity action by the mother bars any subsequent suit. Accordingly, the result in this case would be the same under Texas law.

■ By a cross point of error, Bellinger alleges that section 160.003 of the Texas Family Code denies A.G.B. due process and equal protection under both the Texas and United States Constitutions. Bellinger's constitutional challenge is leveled at the Texas statute, which does not govern this case. Even were we to construe Bellinger's argument as attacking New York law, however, no violation of constitutional rights has occurred. A state has the right to impose reasonable parameters on suits to establish paternity. *Cf. Reed v. Campbell,* 476 U.S. 852, 855, 106 S.Ct. 2234, 2237, 90 L.Ed.2d 858 (1986) (declaring that the state's interest in orderly disposition of decedents' estates would justify imposing requirements such as limitations on an illegitimate child who asserts inheritance rights from the father).

Our holding does not prevent a child from establishing paternity; it only prevents relitigation of paternity when the child's interests were adequately pursued in a previous paternity action that resulted in a final judgment. The state has a legitimate interest in preserving the finality of final judgments. Therefore, our holding does not violate either the due process or the equal protection rights of A.G.B.

Accordingly, without hearing oral argument, we grant Purcell's application for writ of error, reverse the judgment of the court of appeals, and render judgment in favor of Purcell. TEX.R.APP. P. 170.