TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00248-CV







ReCor, Inc., Secure Corrections, Inc., Bruce C. Williams


and Merlin C. Stickelber, Appellants



v.



Thomas H. Applewhite and Harriet M. Applewhite, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-07157-B, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 ReCor, Inc., Secure Corrections, Inc., Bruce C. Williams, and Merlin C. Stickelber appeal
from the trial court's judgment holding ReCor liable to appellees Thomas H. Applewhite and Harriet M.
Applewhite on two promissory notes. Appellants complain the trial court erred in its rulings leading to the
granting of the appellees' motion for summary judgment, the granting of that motion, and the denial of
appellants' summary-judgment motion on their usury claim. We will reverse the judgment and remand the
cause to the trial court.


THE CONTROVERSY


 Two promissory notes memorialize two loans appellees made to ReCor on December 28,
1993. The first, for $94,844.87, bore annual interest at the prime rate plus 3.7%. Payments of 1.5% of
the principal plus accrued interest were due and payable monthly for twenty-four months. The unpaid
balance was due and payable at the end of the two-year period. The second note, for $60,981.97, bore
interest at the same rate. The interest was due and payable monthly, the principal after two years. Both
notes state the prime interest rate was 6% annually at the making of the note, but neither suggests a basis
for calculating the prime rate thereafter.

 The notes specify identical consequences for missed payments and post-maturity interest. 
For payments more than fifteen days late, ReCor agreed to pay a delinquency or collection charge equal
to 5% of the unpaid amount. Upon default in any payment, appellees could elect to accelerate the
indebtedness without notice, demanding the entire unpaid balance of principal and interest. After maturity
(whether due to lapse of time or acceleration), amounts owing for interest and principal bore interest at the
loan rate plus 4% annual interest (i.e., prime rate plus 7.7%).

 Appellees accelerated the indebtedness on June 13, 1994, and sued on the notes after
ReCor had paid nothing on either note. They also alleged Williams and Stickelber had so disregarded the
corporate form and commingled their funds with those of ReCor and Secure Corrections that the court
should disregard the corporate forms. Almost two years later, on March 7, 1996, appellees wrote a letter
to appellants requesting a settlement offer and telling them they owed $419,194.11 under the notes. 
Appellants did not respond to the letter.

 On April 9, 1996, appellees filed their original motion for summary judgment, supported
by Thomas Applewhite's affidavit in which he calculated appellants owed $423,905.82. After appellants
counterclaimed that the March letter and April motion charged an annual interest rate in an amount
exceeding 70%, the Applewhites greatly reduced their claim. In a second amended motion for partial
summary judgment, they conceded the large amounts claimed in their letter and motion were "based on a
clearly erroneous reading of the Notes"; in calculating the excessive demands, they had applied the 5%
lateness penalty to the entire unpaid balance each month (including those months after acceleration when
the entire balance was due) instead of applying the 5% only to each unpaid monthly payment. In his revised
calculation of the amount due, Thomas eliminated that calculation in a second affidavit supporting appellees'
second amended motion for partial summary judgment.

 Appellants moved for summary judgment against the collection action and on their
counterclaim of usury. They attached copies of appellees' March letter, appellees' April motion for
summary judgment, and affidavits containing calculations showing that the amounts appellees sought to
collect thereby reflected an interest rate that exceeded 70% annually.

 The trial court denied appellants' motion and granted appellees' motion. The judgment
makes the following award to appellees on the first note: $94,844.87 in principal and $4,368.40 in unpaid
interest at the time of acceleration ($99,213.27 total maturity balance); $39,388.21 in unpaid interest on
the maturity balance accrued between acceleration and November 25, 1996; and interest on the maturity
balance accruing at 15.95% per year from November 25, 1996 until paid. The judgment makes the
following award to appellees on the second note: $60,981.97 in principal and $2,792.55 in unpaid interest
at the time of acceleration ($63,774.52 total maturity balance); $25,190.40 interest accrued on the maturity
balance between acceleration and November 25, 1996; and interest on the maturity balance accruing at
15.95% per year from November 25, 1996 until paid. The judgment also awards appellees the following
attorney's fees: $56,575 for trial, $6,000 for appeal, $4,000 for an application for writ of error to the
supreme court, and $5,000 if the application is granted; appellees must prevail at the appellate level to
recover these amounts. The trial court severed the issues covered by these summary-judgment motions
and rendered final judgment on these issues.


DISCUSSION AND HOLDINGS


 By their fourth point of error, Appellants contend the trial court erred by overruling their
hearsay, best-evidence, and other objections to Thomas Applewhite's affidavit in support of Appellees'
motion for summary judgment. We find the objections in the record, but no ruling on them. The absence
of a ruling means appellants failed to preserve error for our review. Tex. R. App. P. 33.1(a) (formerly Tex.
R. App. P. 52(a)). Absent a ruling on the record sustaining the objections, the affidavit is part of the
summary-judgment record on appeal. See B.M.L. v. Cooper, 919 S.W.2d 855, 858 (Tex. App.--Austin
1996, no writ); Utilities Pipeline Co. v. American Petrofina Mktg., 760 S.W.2d 719, 723 (Tex.
App.--Dallas 1988, no writ). We overrule point of error four.

 In their remaining points of error, Appellants contend the trial court erred in granting the
Applewhites' motion for summary judgment. Appellants' contention that the court erred in holding the
delinquency and collection charge was a penalty and not a device to conceal usury is subsumed by their
contentions regarding the rulings on the cross-motions for summary judgment. In reviewing the summary-judgment record, we indulge every reasonable inference and resolve all disputes in favor of the non-movant;
when the record properly viewed shows that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law, we must affirm the judgment. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Appellants contend the terms of the note and their implementation are usurious. A party
claiming usury must show (1) a loan of money; (2) an absolute obligation to repay the principal, and (3) the
exaction of a greater compensation than allowed by law for the use of the money by the borrower. Holley
v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). Exaction is the only element in dispute. Corporations may
legally agree to pay up to 1½% interest per month, or 18% annual interest, on loans greater than $5,000. 
Tex. Rev. Civ. Stat. Ann. art. 1302-2.09 (West 1997). A higher rate of interest is usurious, against public
policy, and subject to penalty. Tex. Rev. Civ. Stat. Ann. art. 5069-1.02 (West 1987). Obligors may
collect penalties from an obligee who contracts for, charges, or receives usurious interest. Tex. Rev. Civ.
Stat. Ann. art. 5069-1.06 (West 1987). There are no penalties for usurious interest charges resulting from
accidental and bona fide error. Id.; see Tyra v. Bob Carroll Constr. Co., 639 S.W.2d 690, 691 (Tex.
1982).

 The issue on appeal reduces to whether a disputed fact issue precluded the trial judge's
implied conclusion that neither the March letter nor the April summary-judgment motion constituted a
"charge" of usury. The question is not whether Appellees collected or the parties contracted for usurious
interest. Appellants paid nothing on the loans, so no interest was collected. The trial-court's unchallenged
interpretation of the contract shows the parties did not contract for usury. The award on the notes,
including the penalties as interest, equals a 15.85% annual interest rate on the first note and a 15.77% rate
on the second. (1) That rate is less than the 18% corporations may legally agree to pay.

 Our examination will focus on whether Appellees charged interest in the March 7, 1996
letter. (2) We will first determine whether the letter is properly before this Court, then decide if a disputed
issue of fact exists about whether this letter constituted a charge of usury not caused by accidental and bona
fide error.

 Appellees argue the March letter is inadmissible under Texas Rule of Civil Evidence 408
because it was part of settlement negotiations. Appellees objected at trial to the letter's inclusion in the
summary-judgment record, but the record does not indicate the trial court ruled on the objection. 
Appellees did not assign as error the failure to rule. We must consider the letter part of the record on
appeal. See B.M.L., 919 S.W.2d at 858.

 A letter may evidence a "charge" of usury. Danziger v. San Jacinto Sav. Ass'n, 732
S.W.2d 300, 304 (Tex.1987); see also Coppedge v. Colonial Sav. & Loan Ass'n, 721 S.W.2d 933,
936 (Tex. App.--Dallas 1986, writ ref'd n.r.e.) (demand letter from lender's attorney). In Danziger, San
Jacinto loaned money to the Danzigers by placing a lump sum into an escrow account and making periodic
disbursements. 732 S.W.2d at 302. San Jacinto computed interest on the full loan amount, waiting until
disbursements ended to credit the account for amounts of interest computed on the remaining funds. Id. 
When the Danzigers requested a pay-off quote while funds remained in escrow, the interest rate reflected
in San Jacinto's letter response exceeded the statutory maximum because the total amount due included
interest charged on the full amount. Id. at 303. The supreme court rejected the court of appeals' holding
that the letter showing the incorrect rate of interest did not constitute a "charge" because the Danzigers did
not intend to pay the amount shown and did not rescind the contract. Id. at 303-04. The supreme court
held that "a pay-off quote which reflects a charge of interest in excess of that allowed by law constitutes
the 'charging' of usurious interest." Id. at 304. The supreme court also held that a lender who charges
usurious interest cannot purge its action by a subsequent credit. Id. at 302.

 We conclude a disputed fact issue exists regarding whether Appellees "charged" appellants
the amounts stated in the March 7, 1996 letter. Appellees' attorney wrote the letter in response to
appellants' attorney's inquiry regarding settlement. Two passages support the appellants' allegation that
the Applewhites "charged" usurious interest. The Applewhites' attorney wrote, "According to the terms
of the promissory notes, the total owed to date on both notes combined is $419,194.11." The letter also
stated that timely payments under the note terms would have totaled $192,058.10, that Appellees had
earlier offered to settle for $180,000, and that "Mr. Williams' and RECOR, Inc.'s refusal to pay the debts
as agreed has resulted in a substantially greater liability for the Defendants." (Emphasis added.) 
Appellees' attorney did not make a specific settlement offer in this letter. Appellees contend, however, the
failure to demand payment of the amount owed means they did not charge usury in the letter. They also
cite the request for a settlement offer by March 15 as supporting their position that this was a settlement-negotiation letter and not a demand letter. (3) Appellees' attorney sent a letter March 18, 1997 withdrawing
the ignored March 7 "settlement offer." While the March 18 letter did not withdraw any interest "charge"
made in the March 7 letter, it supports Appellees' contention the March 7 letter was a settlement offer, not
a demand letter. We conclude a fact issue exists as to whether the March 7 letter charged interest.

 A fact issue also exists concerning whether the amounts stated in the letter, if charged,
constituted usurious amounts. The amounts would not be usurious if the penalty is not considered interest. 
Penalties charged to defray additional expenses the lender incurs because of a borrower's default are not
considered interest. See Tex. Rev. Civ. Stat. Ann. art. 5069-1.01(a) (West 1987) (interest is
compensation for use, forbearance, or detention of money); First Bank v. Tony's Tortilla Factory, Inc.,
877 S.W.2d 285, 287 (Tex. 1994) (fees charged for insufficient funds to pay checks not interest because
they paid for bad-check processing expenses). If an amount is exacted solely for the obligor's continued
detention of the lender's money, however, a penalty for late or non-payment constitutes interest under the
usury statute. Hardwick v. Austin Gallery of Oriental Rugs, Inc., 779 S.W.2d 438, 443 (Tex.
App.--Austin 1989, writ denied). Courts add the penalty amount to the conventional interest charged to
determine the total amount to be compared to the statutory limitations. Id. Appellant Williams averred in
his affidavit that ReCor did not receive additional benefits or consideration for the 5% penalty and that the
penalty could not be a collection fee because Appellees claimed a separate attorney's fee. A fact dispute
persists because the affidavit does not disprove as a matter of law that the penalty might be intended to
defray expenses resulting from late payments apart from attorney's fees. (4)

 Another fact issue persists regarding Appellees' defense to the usury claims. We find
nothing in the record to prove, as a matter of law, whether the erroneous calculation of the enlarged
amounts due stated in the March 7 letter resulted from an accidental and bona fide error.

 Because of the persistence of genuine issues of material fact, we conclude the trial court
should not have granted either motion for summary judgment. We accordingly sustain point of error one
and overrule point of error two.

 We reverse the summary judgment and remand the cause to the trial court.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: November 13, 1997

Do Not Publish

1. These numbers were computed using appellants' method of combining the interest and penalty
charged, dividing by the number of days elapsed between the date the note was made and the judgment
date, multiplying by 365, and dividing by the original principal balance.


 The inclusion of penalties in the interest amount does not constitute a holding that the penalties were
interest; their inclusion shows that the contract as interpreted by the trial court did not show usurious interest
rates even if the penalties are considered interest.
2. We need not examine whether the summary-judgment motion "charged" interest. Appellants urge
on appeal that appellees charged usury in the letter, pleading, and statements made at deposition regarding
how much appellants owed. The court could not have granted appellants' motion for summary judgment
on the basis of deposition statements because appellants' motion did not include the deposition statements
as an instance in which appellees charged usury; at trial, appellants used the deposition statements only to
defend against Appellees' motion for summary judgment. That leaves only the letter and the pleading. If
the letter charged usury, it alone is sufficient. If the letter did not charge usury, however, we still need not
examine the pleading because a pleading for usurious prejudgment interest alone does not violate the usury
statute. See George A. Fuller Co. v. Carpet Servs., 823 S.W.2d 603, 606 (Tex. 1992).
3. The actual "expiration" of the letter does not affect our analysis. The Applewhites' attorney set a
March 15 deadline for appellants to submit a settlement offer. The Applewhites argue the lapse of the
deadline without a reply voided the letter's terms. As noted above, however, a usurious charge cannot be
retracted. Danziger, 732 S.W.2d at 302.
4. This conclusion bears on point of error three, by which appellants contend the trial court erred by
holding that the delinquency and collection charge was a true penalty and was not a device to conceal
usury. We do not find such a holding in the judgment. To the extent that it is implicit in the judgment, we
conclude that the trial court erred by drawing that conclusion in light of the persisting fact question, and we
sustain point three.


allery of Oriental Rugs, Inc., 779 S.W.2d 438, 443 (Tex.
App.--Austin 1989, writ denied). Courts add the penalty amount to the conventional interest charged to
determine the total amount to be compared to the statutory limitations. Id. Appellant Williams averred in
his affidavit that ReCor did not receive additional benefits or consideration for the 5% penalty and that the
penalty could not be a collection fee because Appellees claimed a separate attorney's fee. A fact dispute
persists because the affidavit does not disprove as a matter of law that the penalty might be intended to
defray expenses resulting from late payments apart from attorney's fees. (4)

 Another fact issue persists regarding Appellees' defense to the usury claims. We find
nothing in the record to prove, as a matter of law, whether the erroneous calculation of the enlarged
amounts due stated in the March 7 letter resulted from an accidental and bona fide error.

 Because of the persistence of genuine issues of material fact, we conclude the trial court
should not have granted either motion for summary judgment. We accordingly sustain point of error one
and overrule point of error two.

 We reverse the summary judgment and remand the cause to the trial court.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: November 13, 1997

Do Not Publish

1. These numbers were computed using appellants' method of combining th