*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-11-00751-CV

## IN THE INTEREST OF A.M.G., A CHILD

From the County Court at Law, Starr County, Texas
Trial Court No. CC-10-529
Honorable Romero Molina, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  May 9, 2012

REVERSED AND REMANDED

This is an appeal from the trial court's order dismissing the underlying action for want of jurisdiction. We reverse and remand for further proceedings.

## BACKGROUND

Appellant ("Elma") is the mother of the child A.M.G who was born on March 1, 2001. Within a week of the birth, Elma and "Luis" both signed an Acknowledgement of Paternity wherein Luis acknowledged he was A.M.G.'s father. On June 7, 2001, Luis filed a Petition to Establish Paternity. On August 20, 2001, the trial court signed a Final Order in Suit to Establish Parentage in which the court stated: (1) Luis appeared in person and with his attorney and (2) Elma "although duly and properly cited, did not appear and wholly made default." The court

found that Luis was not A.M.G.'s father. This order was never appealed. Luis, who was not married to Elma, but was, instead, married to another woman with whom he had four children (collectively, "appellees"), died on December 7, 2008.

On December 30, 2010, Elma filed a Petition to Adjudicate Parentage as next friend of A.M.G. On February 15, 2011, Elma filed a Motion for Genetic Testing in which she asked that one of Luis's four children be ordered to genetic testing to determine whether Luis was A.M.G.'s father. The appellees filed a joint answer in which they raised res judicata as a defense to Elma's suit. After hearing arguments on Elma's motion, the trial court dismissed her suit for lack of jurisdiction. This appeal ensued.

## DISCUSSION

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

The preclusive effect of judgments extends beyond parties named in the suit and applies to the privies of those parties. *B.M.L. v. Cooper*, 919 S.W.2d 855, 858 (Tex. App.—Austin 1996, no writ). Privity connotes parties who (i) exert control over the action, (ii) have interests represented by a party to the first suit, or (iii) are successors in interest to the party. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800-01 (Tex. 1992). A privy is one who is so connected in law with a party to a judgment as to have such an identity of interests that the party represented the same legal right in the previous suit. *B.M.L.*, 919 S.W.2d at 858-59. Privity is

not established, however, by the mere fact that persons may happen to be interested in the same question or in proving the same facts. *Id.* at 859. Texas courts interpret narrowly the binding effect of suits by possible privies, including suits affecting the parent-child relationship. *Id.*

A child is not bound by a judgment in a prior paternity proceeding if the child's interest was not identical to the interest of the party bringing the suit. *Stroud v. Stroud*, 733 S.W.2d 619, 621 (Tex. App.—Dallas 1987, no writ). The court in *Stroud* recognized that the child's interest in establishing paternity is different from that of the State or a parent seeking child support: "The child's interests, however, in establishing the parent-child relationship with his father, extend far beyond support, and include the right to a relationship with his father, the avoidance of the social stigma imposed on those burdened by the status of illegitimacy, and the right to inherit." *Id.* at 621-22. The Texas Supreme Court has recognized that a prior paternity suit will bar a later suit by the child if the "child's interests were adequately pursued in a previous paternity action." *Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997).

On appeal, Elma relies on Texas Family Code section 160.637 for her argument that A.M.G. is not bound by the 2001 judgment; therefore, Elma's claims are not barred by res judicata. Section 160.637 provides, in pertinent part, that a "child is not bound by a determination of parentage under this chapter unless . . . the child was a party or was represented in the proceeding determining parentage by an attorney ad litem." TEX. FAM. CODE ANN. § 160.637(b)(3) (West 2008).

We first note that section 160.637 was not in effect when Luis filed his petition. Instead, when Luis filed his petition on June 7, 2001, former Family Code section 160.003 stated as follows:

(a) The child is not a necessary party to a suit under this chapter.

(b) It is rebuttably presumed in a trial on the merits before a judge or jury that the interests of the child will be adequately represented by the party bringing suit to determine parentage of the child. If the court finds that the interests of the child will not be adequately represented by a party to the suit or are adverse to that party, the court shall appoint an attorney ad litem to represent the child.

(c) The child shall be represented in a settlement agreement, dismissal, or nonsuit by a guardian ad litem or an attorney ad litem appointed by the court, unless the court finds on the record that the interests of the child will be adequately represented by a party to the suit or are not adverse to that party, and that the court approves the settlement agreement, dismissal, or nonsuit.[1]

Texas courts favor, within reason, children having an opportunity to pursue their own interests in establishing paternity. *B.M.L.*, 919 S.W.2d at 860. Although the Family Code presumes that a statutorily authorized petitioner in a paternity suit will represent the child's interests, courts should be particularly sensitive and responsive to evidence tending to rebut that presumption when considering a motion filed adverse to the child's later suit. *Id.* at 861. Therefore, we consider whether A.M.G.'s interests were adequately represented in the 2001 proceeding.

In his 2001 Petition to Establish Paternity, Luis specifically identified A.M.G. as the child subject of the suit, but he did not name A.M.G. as a party and no guardian or attorney ad litem was appointed to represent the child. In his petition, Luis stated the purpose of his suit was to determine "whether or not there is a parent-child relationship" between himself and A.M.G. He asked that he, Elma, and A.M.G. all submit to parentage testing. Finally, he asked that upon a finding of parentage, the court appoint an attorney ad litem to represent A.M.G.'s interests. However, Elma did not file an answer or otherwise appear.[2] As a result, no genetic testing was ordered and, instead, the Final Order in Suit to Establish Parentage was entered by default.

---

[1] Chapter 160 of the Family Code was amended effective June 14, 2001. Act of May 25, 2001, 77th Leg., ch. 821, § 3.02, 2001 Tex. Sess. Law Serv. 1516, 1547.

[2] Elma contends she does not read, write, or understand English; and when she asked Luis about the petition but he lied to her about divorcing his wife.

Clearly, at this time Elma did not represent A.M.G.'s interests. We also conclude the presumption that Luis adequately represented A.M.G.'s interests has been rebutted. Luis did not pursue his request for genetic testing, he did not seek the appointment of an ad litem to protect A.M.G.'s interests when faced with a default by her mother, and, because Elma defaulted, no trial on the merits occurred. Instead, upon default by Elma, Luis obtained an order declaring him not to be A.M.G.'s father. Therefore, as the party bringing suit to determine parentage, Luis did not adequately represent A.M.G.'s interests. Because neither Elma nor Luis adequately represented A.M.G.'s interests in the 2001 proceeding, we conclude A.M.G. is not bound by the 2001 Final Order in Suit to Establish Parentage.

## CONCLUSION

We sustain Elma's first issue on appeal and reverse the trial court's Order of Dismissal and remand the cause for further proceedings.[3]

Sandee Bryan Marion, Justice

---

[3] We do not address Elma's second issue on appeal because she did not raise this issue before the trial court.