

NUMBER 13-09-00176-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DONALD I. POMERANTZ, ANN POMERANTZ,
MP LAND, INC., AND DP LAND, INC.,                    Appellants,

v.

JERRY KIRK D/B/A KIRK ROOFING,                         Appellee.

On appeal from the County Court at Law
of Guadalupe County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellants, Donald I. Pomerantz, Ann Pomerantz, MP Land, Inc., and DP Land,

Inc., appeal from a trial court judgment awarding appellee, Jerry Kirk d/b/a Kirk Roofing,

attorney's fees under section 17.50(c) of the Texas Deceptive Trade Practices Act

("DTPA"). *See* TEX. BUS. & COM. CODE ANN. § 17.50(c) (Vernon Supp. 2009). By two issues, the appellants contend that the trial court erred by: (1) refusing to admit a business record proffered by the Pomerantzes; and (2) concluding that the Pomerantzes's lawsuit was "groundless."[1] We affirm.

## I. BACKGROUND

### A. Factual Background[2]

> In 2003, Mel Pomerantz contacted . . . Kirk . . . about completing repairs to the roof of a residential structure owned by two Texas corporations, MP Land, Inc. and DP Land, Inc. Mel Pomerantz died prior to the filing of the underlying lawsuit. Mel's widow, Ann Pomerantz, owns the capital stock in MP Land, Inc. and Mel's brother, Donald Pomerantz, owns the capital stock in DP Land, Inc. At some point the roof began to leak, damaging the residence . . . .

*Kirk v. Pomerantz*, No. 04-07-00504-CV, 2008 WL 859173, at *1 (Tex. App.–San Antonio Apr. 2, 2008, no pet.) (mem. op.).

### B. Procedural Background

Ann and Donald Pomerantz filed an original petition in justice court naming only themselves, in their individual capacity, as plaintiffs. On August 21, 2006, the justice court rendered judgment in favor of the Pomerantzes, and, on the same day, the Pomerantzes filed an amended petition naming MP Land, Inc. and DP Land, Inc. as plaintiffs. The county court conducted a de novo review of the justice court's decision, and judgment was

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (Vernon Supp. 2009) (delineating the jurisdiction of appellate courts), § 73.001 (Vernon 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] This appeal was originally submitted to the Fourth Court of Appeals for a determination of whether Donald and Ann Pomerantz had standing and whether MP Land, Inc. and DP Land, Inc. were "plaintiffs" in the original lawsuit. *See Kirk v. Pomerantz*, No. 04-07-00504-CV, 2008 WL 859173, at **1-2 (Tex. App.–San Antonio Apr. 2, 2008, no pet.) (mem. op.). We defer to the recitation of facts of the underlying lawsuit as set forth in the San Antonio court's memorandum opinion. *See id.* at *1.

entered in favor of the Pomerantzes and the two corporations. Kirk appealed to the Fourth Court of Appeals. *See id.*

The Fourth Court of Appeals held that the county court erred in rendering judgment in favor of the Pomerantzes because "the Pomerantzes, although stockholders in the two corporations, did not have standing to sue Kirk for damage to property owned by the corporations." *Id.* at *2. The Fourth Court of Appeals also held that the Pomerantzes failed to obtain leave of court to file their amended petition and that the amended petition was not considered by the justice court. *Id.* Thus, the Fourth Court of Appeals concluded that "the amended petition did not carry forward to the county court" and that the county court erred in rendering judgment in favor of the two corporations because "the two corporations were not 'plaintiffs' in the county court." *Id.* The county court's judgment was reversed and remanded "for consideration of what amount, if any, of attorney's fees should be awarded." *Id.* at *3 (footnote omitted).

On remand, the county court concluded that the Pomerantzes' lawsuit was "groundless in law" and that Donald and Ann Pomerantz were jointly and severally liable for $5,250 in attorney's fees owed to Kirk under the DTPA. *See* TEX. BUS. & COM. CODE ANN. § 17.50(c) ("On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs."). This appeal ensued.

## II. STANDING

The Fourth Court of Appeals concluded that MP Land, Inc. and DP Land, Inc. were not plaintiffs and, therefore, not parties to the suit. *Pomerantz*, 2008 WL 859173, at *2.

3

On remand to the trial court, the two corporations remained named in the style of the case; however, the body of the trial court's January 6, 2009 judgment reflects a finding against only the Pomerantzes, not the corporations.[3] Nevertheless, on March 6, 2009, Donald and Ann Pomerantz, MP Land, Inc., and DP Land, Inc. timely filed a notice of appeal and later filed a joint appellants' brief.

Under the "law of the case" doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (citing Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986)). As noted, in 2008, the Fourth Court of Appeals concluded that MP Land, Inc. and DP Land, Inc. were not "plaintiffs" in the underlying lawsuit. *Pomerantz*, 2008 WL 859173, at *2. It is well settled that a person who is not a party to the trial court judgment has no standing to seek review on appeal. *See, e.g., In re J.A.*, 225 S.W.3d 7, 11 (Tex. App.–El Paso 2005, pet. denied) (holding that, without standing, a person may not complain of a judgment to which he was not a party and which imposes no obligation upon him); *Stroud v. Stroud*, 733 S.W.2d 619, 620-21 (Tex. App.–Dallas 1987, no writ) (holding that parties who are strangers to a judgment have no right to seek review on appeal); *see also Lowery v. Calderoni*, No. 13-95-412-CV, 1997 WL 33760913, at *2 (Tex. App.–Corpus Christi May 8, 1997, no writ) (not designated for publication) (same). As strangers to the January 6, 2009 judgment, MP Land, Inc. and DP Land, Inc. have no standing to seek

---

[3] The judgment provides, in pertinent part:

> IT IS ADJUDGED AND ORDERED that the Defendant, Jerry Kirk dba [sic] Kirk Roofing, is entitled to recover and is hereby awarded the sum of $5[,]250.00 (Five Thousand Two Hundred and Fifty and No/100 Dollars) in attorney's fees from Plaintiffs, Donald Pomerantz, and Ann Pomerantz, jointly and severally, said judgment to bear post-judgment interest at the rate of 5% (five percent) per annum from the date this judgment is signed until paid.

appellate review. *See In re J.A.*, 225 S.W.3d at 11; *Stroud*, 733 S.W.2d at 620-21; *Lowery*, 1997 WL 33760913, at *2. Accordingly, we conclude that the Pomerantzes are the only appellants in the present appeal.

### III. ATTORNEY'S FEES

By their second issue, the Pomerantzes assert that the trial court erred in awarding attorney's fees to Kirk on the basis that their DTPA claims were groundless in law. Kirk argues that, because the San Antonio court held that the Pomerantzes did not have standing to sue, the Pomerantzes's suit "must necessarily be found to be groundless in law."

### A.     Applicable Law and Standard of Review

Section 17.50(c) of the DTPA authorizes a trial judge to award reasonable and necessary attorney's fees and court costs to defendants upon a finding that a plaintiff's claim was groundless in fact or law or brought in bad faith, or for the purposes of harassment. TEX. BUS. & COM. CODE ANN. § 17.50(c). Thus, section 17.50(c) establishes four alternative grounds for the award of attorney's fees and court costs: (1) groundless in fact; (2) groundless in law; (3) brought in bad faith; or (4) brought for purposes of harassment. *Id.* Under section 17.50(c), "groundless" means a claim having no basis in law or fact and not warranted by any good faith argument for the extension, modification, or reversal of existing law. *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989). The standard for determining whether a suit is groundless is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex. 1989).

The trial court's determination of whether a suit is groundless is a question of law.

5

*Donwerth*, 775 S.W.2d at 637. We review a trial court's determination to award attorney's fees under an abuse of discretion standard. *Mosk v. Thomas*, 183 S.W.3d 691, 696 (Tex. App.–Houston [14th Dist.] 2003, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## B.     Analysis

The Pomerantzes assert that their DTPA claims are warranted by good faith arguments for the extension, modification, or reversal of existing law because they have "argued vigorously" that "as tenants, [they] could bring the cause of action as consumers." The Pomerantzes' argument construes the "existing law" at issue to be that of consumer status under the DTPA. However, the Fourth Court of Appeals did not hold that the Pomerantzes lacked standing under the DTPA because they failed to meet the statutory definition of consumer. *Pomerantz*, 2008 WL 859173, at *1; *see also* TEX. BUS. & COM. CODE ANN. § 17.45(4) (Vernon Supp. 2009). Instead, the court held that "all causes of action concerned damage to the corporations' property" and that "[a] corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he or she may be injured by that wrong." *Pomerantz*, 2008 WL 859173, at *1. Therefore, the "existing law" at issue is not consumer status but, instead, whether a corporate stockholder can recover damages personally for a wrong done solely to a corporation.[4] The Pomerantzes have not asserted a good faith argument for the modification, extension, or reversal to the existing law that a cause of action for damages

---

[4] We note that even if the Pomerantzes met the definition of "consumer" under the Texas Deceptive Trade Practices Act ("DTPA"), they nevertheless lacked "standing to sue Kirk for damage to property owned by the corporations." *Pomerantz*, 2008 WL 859173, at *1.

to the property of a corporation is vested only in the corporation. Thus, the trial court did not err in determining that the Pomerantzes' DTPA claim was groundless in law. *See Donwerth*, 775 S.W.2d at 637.

Additionally, the Pomerantzes assert that their DTPA claims were good-faith arguments for the extension, modification, or reversal of existing law by claiming on appeal that:

> Counsel for the Appellant argued vigorously that the Amended Pleadings were clearly before the County Court at [L]aw long prior to trial. Because the Plaintiff could replead at the trial de novo (but not add any new ground of recovery), the Appellant could not be held to the Original Petition and the Amended Petition constituted the new pleading. The Fourth Court of Appeals did not completely ignore this argument, but did not agree with it either . . . . The Fourth Court of Appeals could have treated the First Amended Petition as a permissible repleading under Texas Rule of Civil Procedure 574a, but declined to do so. Even so, the argument that the Amended Petition was a repleading was made in good faith and could be considered an argument for the extension, modification or reversal of existing law.

Although the above arguments may have been good-faith arguments for the extension or modification of existing law as applied to the corporations in an attempt to have the corporations declared "plaintiffs" in the DTPA lawsuit, these arguments are in no way related to the standing issue faced by the Pomerantzes. These arguments are related to whether DTPA claims brought by the corporations were groundless, not to whether the Pomerantzes' DTPA claims were groundless. As previously discussed, the corporations do not have standing to seek appellate review of the trial court's January 6, 2009 judgment. *See In re J.A.*, 225 S.W.3d at 11; *Stroud*, 733 S.W.2d at 620-21; *see also Lowery*, 1997 WL 33760913, at *2.

Additionally, the Pomerantzes' first issue also involves whether the corporations'

DTPA claims were groundless. By their first issue, the Pomerantzes argue that the trial court erred by failing to admit an exhibit proffered at the trial court's hearing on remand because the exhibit would "show that counsel for the Appellant timely mailed the First Amended Petition to the Justice Court adding the corporate plaintiffs." This issue also involves whether the DTPA claims brought by the corporations, and not the Pomerantzes, were groundless. As such, this issue is not properly before this Court. *See In re J.A.*, 225 S.W.3d at 11; *Stroud*, 733 S.W.2d at 620-21; *see also Lowery*, 1997 WL 33760913, at *2.

In light of the foregoing, we overrule the Pomerantzes' first and second issues.

### IV. CONCLUSION

We affirm the judgment of the trial court.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
12th day of August, 2010.