

NUMBER 13-10-00648-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **LOOP COLD STORAGE MANAGEMENT COMPANY AND LOOP COLD STORAGE, MCALLEN, LP,** | **Appellants,** |
| **v.** | |
| **RAUL IBARRA AND MELESIO C. VASQUEZ,** | **Appellees.** |

## On appeal from the 389th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Garza

This is an interlocutory appeal from a trial court's order vacating its prior order compelling arbitration. By a single issue, appellants, Loop Cold Storage Management Company and Loop Cold Storage, McAllen, L.P., contend the trial court abused its discretion by refusing to compel arbitration. We dismiss the appeal for lack of

jurisdiction.

## I. BACKGROUND

On November 20, 2009, appellee Raul Ibarra sued a co-worker, Melesio C. Vasquez,[1] for workplace injuries Ibarra sustained because of Vasquez's allegedly negligent operation of a forklift. Ibarra also sued "Loop Cold Storage," the assumed name of the company where he and Vasquez worked.[2] On December 18, 2009, "Loop Cold Storage Management Company, L.P." filed an answer and a motion to compel arbitration. The motion alleged that Ibarra was employed by "Loop Cold Storage Management Company, L.P." and had executed an arbitration agreement whereby he agreed to arbitrate any claims covered by the agreement. Attached to the motion were: (1) a benefits schedule entitled, "Loop Cold Storage Management Company, L.P. Employee Injury Benefit Plan,"; (2) an agreement to arbitrate, defining the "company" as entities listed on "Schedule A," which included: (a) "Loop Cold Storage Management Company, L.P.", (b) "Embassy Packing, Inc.", (c) "Loop Cold Storage Management Company, L.P. dba Loop Cold Storage", (d)"Loop Fresh Produce, L.P.", (e) "Loop Fresh GP"; and (3) a copy of an acknowledgement, entitled "Loop Cold Storage Management Company, L.P. Employee Injury Benefit Plan & Arbitration Program", reflecting Ibarra's signature acknowledging receipt of the documents. Following a hearing on January 12,

---

[1] Vasquez is also an appellee.

[2] In Ibarra's Third Amended Petition, filed November 9, 2010, the named defendants are: "Loop Cold Storage Management Company, L.P., Loop Cold Storage, Loop Cold Storage McAllen, L.P., and Melesio C. Vasquez." The docket sheet reflects that Ibarra filed a Fourth Amended Petition on November 18, 2010, but it was not designated to be included in the clerk's record on appeal, and is not included in the record. A copy of the Fourth Amended Petition, attached to appellants' response to Ibarra's motion to dismiss this appeal, reflects that the caption of the Fourth Amended Petition reflects the same named defendants as those named in the Third Amended Petition. In the body of the petition, however, Ibarra has named "Loop Cold Storage Management Company," described as a duly licensed Texas corporation, as a defendant. Thus, it appears that the Fourth Amended Petition names the parties now identified by appellants as the correct parties.

2010, the trial court granted the motion to compel arbitration.[3]

For the next several months, the case proceeded in arbitration proceedings; Ibarra propounded written discovery requests and "Loop Cold Storage Management Company, L.P." responded. Approximately nine months later, in late September 2010, appellants advised Ibarra that "Loop Cold Storage, McAllen, LP ('Loop McAllen'), rather than Loop [Cold Storage] Management [Company, L.P.], was Ibarra's and Vasquez's actual employer." On October 25, 2010, Ibarra filed a motion to set aside the trial court's January 12, 2010 order compelling arbitration on the ground that no arbitration agreement existed between Ibarra and "Loop Cold Storage, McAllen, L.P." Ibarra also requested sanctions on grounds that he had directed discovery against the wrong party.

The trial court held a hearing on November 9, 2010. The court focused on whether Ibarra's recently discovered actual employer—Loop Cold Storage McAllen, LP—was named in the arbitration agreement. The following exchange occurred:

| Q [the Court]: | Okay. But nowhere [appellants' counsel], are you telling me that there is a contract that provides that Loop Cold Storage McAllen is named anywhere in that contract for arbitration, right? |
|---|---|
| A [appellants' counsel]: | They are named as an affiliated entity. |
| Q: | Nowhere are they named? |
| A: | Nowhere does the name appear. |
| [the Court]: | Arbitration is lifted. There is no arbitration. You'll be back here. |

. . . .

---

[3] The trial court's order to arbitrate was entered before Vasquez was served or filed an answer. Vasquez was served in July 2010, and answered on July 30, 2010. On October 6, 2010, he filed a motion requesting that Ibarra's claims against him be excluded from arbitration on grounds that there was no arbitration agreement between Ibarra and Vasquez.

3

| | |
|---|---|
| [the Court]: | Your first amended answer and verified denials for Loop Cold Storage Management Company, number three, defendant pleads that there is a defect in the parties as defendant has been incorrectly named. Defendant was never Plaintiff Ibarra's or Defendant Vasquez's employer and does not own the facility at which the events underlying this suit took place; rather Loop Cold Storage McAllen is the owner of the facility and employed these individuals. |
| [Appellants' counsel]: | That's correct, Your Honor. |
| [Court]: | Okay. You filed this September 29th. |
| [Appellants' counsel]: | That's correct, Your Honor. |
| [Court]: | In January when you came here, you told this Court that Loop Cold Storage Management Company had a contract with these individuals for arbitration.<br><br>In January, why didn't you actually verify who was the employer of these individuals? In January—now, we are talking months, nine months almost, later they're telling me that now all of a sudden you have found out after months of expense to these individuals—because there is an expense, right? Your time is worth something, right? |

The trial court then shifted its attention to Ibarra's argument for sanctions, and stated that it would award sanctions for discovery abuse only. The trial court signed an order (a) rescinding its January 12, 2010 order compelling arbitration; (b) awarding $5,325 in sanctions for discovery abuse against "Loop Cold Storage Management Company, L.P."; and (c) ordering that the sanctions be paid by Loop Cold Storage Management Company. As the trial court completed the order by hand, the following exchange occurred:

4

| | |
|---|---|
| [the Court]: | Tell me again, the name of the company that was on the discovery. |
| [Appellants' counsel]: | Loop Cold Storage Management Company, Your Honor. |
| [the Court]: | Correct name, Loop Cold Storage Management Company. |
| [Appellants' counsel]: | That's it. |
| [the Court]: | Is it LP? |
| [Appellants' counsel]: | It's not a limited partnership, Your Honor. It's shown in the agreement. The arbitration— |
| [the Court]: | So it's Loop Cold Storage Management Company. |
| [Appellants' counsel]: | That's the correct name, as I understand it, Your Honor. |
| [Ibarra's counsel]: | Your Honor, that's not my understanding. |
| [the Court]: | I don't know what it is. I'm just asking. Why is it so difficult to give me a name? |
| [Ibarra's counsel]: | That's what we've been trying to figure out for months, Your Honor. |
| [the Court]: | It is Loop—as an officer of the court, [appellants' counsel], what is the name of this company that has been part of the discovery? |
| [Loop corporate counsel]: | Your Honor, if I may, it's Loop Cold Storage Company and it's an S corp. |
| [the Court]: | Here, write it down. |
| [Ibarra's counsel]: | Oh, my god. Unbelievable. Today we find out it's an S corp, not a limited partnership. |

The trial court did not react or otherwise appear to attach significance to the revelation that Loop Cold Storage Management Company was not a limited partnership.

5

Appellants filed their notice of appeal on November 22, 2010. A week later, on November 29, 2010, the parties again came before the trial court solely for the purpose of admitting all the exhibits offered at the November 9th hearing into evidence. There was no objection and the trial court admitted all the exhibits.

On December 21, 2010, Ibarra's counsel received a letter from appellants' corporate counsel, which stated that the entities represented by counsel included Loop Cold Storage Management Company and Loop Cold Storage, McAllen, L.P.[4] The letter further stated that "[t]he entities named as 'Loop Cold Storage Management Company L.P.' and 'Loop Cold Storage' do not exist and, to the best of our knowledge, have never existed."

On March 2, 2011, in response to the news that "Loop Cold Storage Management Company L.P." and "Loop Cold Storage"—two of the entities named in the arbitration agreement—"never existed," Ibarra filed a "Partially Uncontested Motion to Dismiss" Loop Cold Storage Management Company's appeal. Ibarra attached a copy of the December 21, 2010 letter to his motion. In the motion, Ibarra argued that if "Loop Cold Storage Management Company, L.P." does not and never did exist, it could not have contracted to arbitrate and cannot appeal an order denying it arbitration. Ibarra argues that the actual appellant—Loop Cold Storage Management Company—cannot appeal because *it was not denied arbitration* by the trial court. Thus, according to Ibarra, Loop Cold Storage Management Company's appeal should be dismissed for want of jurisdiction because "an entity that never asked the trial court to send it to arbitration cannot appeal a refusal to send a claim to arbitration made by another party."

On March 21, 2011, appellants filed a response to Ibarra's motion. In the

_____

[4] The letter listed six other entities that do not appear to be related to this matter.

response, appellants argue:  (1) even if Loop Cold Storage Management Company was not a party of record before the trial court, the error is "classic misnomer," which does not deprive this Court of jurisdiction; (2) the correct parties were before the trial court because at the November 9th hearing, appellants "stated clearly and unequivocally in open court that Loop Cold Storage Management Company was the proper name of the entity"; and (3) Loop Cold Storage Management Company may be deemed a party on appeal under the "virtual representation doctrine."

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

We review de novo whether this Court has jurisdiction over an appeal because jurisdiction is a legal question.  *Hamilton v. Farmers Tex. County Mut. Ins. Co.*, 328 S.W.3d 664, 666 (Tex. App.–Dallas 2010, no pet.).  If the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed.  *Id.*

A party may appeal an interlocutory order denying a motion to compel arbitration under the FAA.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2010); *In re Merrill Lynch & Co., Inc.*, 315 S.W.3d 888, 891 n.3 (Tex. 2010).  Whether a trial court errs in refusing to order arbitration depends on whether it abused its discretion.  *Sidley, Austin, Brown, & Wood, L.L.P. v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.–Dallas 2010, no pet.) (stating that we apply a no evidence standard to the trial court's factual determinations and a de novo standard to the legal determination which is the same as a standard of abuse of discretion); *see Hrycyk v. Butler*, No. 07-11-0068-CV, 2011 WL 1843583, at *2 (Tex. App.–Amarillo May 16, 2011, no pet. h.) (mem. op.) (affirming order denying arbitration where arbitration agreement expressly encompassed entities other than party seeking arbitration).  A trial court abuses its

7

discretion when its decision deviates from guiding rules and principles and is otherwise arbitrary, capricious, and unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). One of those guiding rules and principles obligates the party seeking arbitration to establish the existence of a valid agreement requiring arbitration and encompassing the litigants and dispute in question. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding). Whether an arbitration agreement is enforceable is subject to de novo review. *In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## III. DISCUSSION

### A.. Jurisdiction

Ibarra argues that this Court lacks jurisdiction because if "Loop Cold Storage Management Company" is the appellant before this Court, it "cannot have appealed" because it was not the party that sought or was denied arbitration.

In response, appellants argue that (1) whether Loop Cold Storage McAllen, L.P. is an "affiliated" entity, such that it can compel Ibarra's claims to arbitration, is an issue on appeal, and is therefore not a ground for dismissal; (2) the error in naming the entity "Loop Cold Storage Management Company, L.P." instead of "Loop Cold Storage Management Company" is an issue of misnomer, which does not deprive this Court of jurisdiction; and (3) Loop Cold Storage Management Company may be deemed a party under the "virtual representation doctrine." As explained below, we conclude that appellants' arguments were not preserved for our review because they were not presented to the trial court.

8

The record reflects "Loop Cold Storage Management Company" and "Loop Cold Storage McAllen, L.P." are the parties that filed a notice of appeal in this cause. It is undisputed that neither of these parties filed a motion to compel arbitration in the trial court and therefore neither party was denied arbitration by the trial court.

It is well settled that a person who is not a party to the trial court judgment has no standing to complain of that judgment. *See e.g., In re J.A.*, 225 S.W.3d 7, 11 (Tex. App.–El Paso 2005, pet. denied) (holding that without standing, a person may not complain of a judgment to which he was not a party and which imposes no obligation upon him); *Stroud v. Stroud*, 733 S.W.2d 619, 620-21 (Tex. App.–Dallas 1987, no writ) (finding that parties who are strangers to a judgment have no right to seek review on appeal); *Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex. App.–Dallas 1984, no writ) (right to seek review on appeal is limited to those whose rights are concluded by judgment in question). Further, an appellate court has no jurisdiction over an appeal by an appellant who lacks standing. *See In re M.C.R.*, 55 S.W.3d 104, 106-07 (Tex. App.– San Antonio 2001, no pet.).

Here, neither appellant was denied arbitration by the trial court. Accordingly, we conclude that appellants lack standing to seek appellate review of the trial court's order denying arbitration to "Loop Cold Storage Management Company, L.P.", a non-existent entity.[5]

## B. Proper Parties

---

[5] We recognize that a portion of the trial court's November 9, 2010 order imposes an obligation on Loop Cold Storage Management Company because it awards $5,325 in sanctions for discovery abuse against "Loop Cold Storage Management Company, L.P." to be paid by Loop Cold Storage Management Company. However, Loop Cold Storage Management Company does not challenge the portion of the order imposing sanctions, either in its appellate briefs or in its response to Ibarra's motion. Accordingly, we do not address the issue.

9

Appellants assert that the correct parties were before the trial court at the November 9 hearing and that appellants "stated clearly and unequivocally in open court that Loop Cold Storage Management Company was the proper name of the entity." We agree—at least based on the record at this point—that the proper parties were before the trial court. However, we strongly disagree that the trial court was given an opportunity to appreciate the distinction between "Loop Cold Storage Management Company" as the proper party, rather than "Loop Cold Storage Management Company, LP," the party that the court compelled to arbitration. As the excerpts from the hearing show, the hearing focused on the then-recently-revealed information that Loop Cold Storage McAllen, L.P. was Ibarra's actual employer, not Loop Cold Storage Management Company. Appellants argued to the trial court that Ibarra's employer, Loop Cold Storage McAllen, L.P., was "named as an affiliated entity" in the arbitration agreement because it was "affiliated" with Loop Cold Storage Management Company. Appellants did not discuss or explain why such alleged "affiliation" was important, given that Loop Cold Storage Management Company was not included in the list of companies covered by the arbitration agreement. Appellants did not send the letter disclosing that the entity compelled to arbitration—"Loop Cold Storage Management Company, L.P."—had "never existed" until December 21, 2010, a month *after* appellants filed their notice of appeal. There is no indication that this information was ever revealed to the trial court.[6]

---

[6] We also note that appellants' briefs focus on whether Loop Cold Storage McAllen, L.P. may enforce the arbitration agreement because (1) it is "affiliated with" Loop Cold Storage Management Company, and/or (2) it is a third-party beneficiary to the agreement. None of the parties' briefs address the significance or consequences of the revelation that "Loop Cold Storage Management Company, L.P."—the company named in the arbitration agreement—"never existed." We decline to address the arguments raised in appellants' briefs because it is unclear how we should interpret those arguments in light of the revelation that "Loop Cold Storage Management Company, L.P." "never existed." In addition,

## C. "Misnomer" and "Virtual Representation" Issues

Appellants also argue that: (1) "the error in naming the entity 'Loop Cold Storage Management Company, LP' instead of 'Loop Cold Storage Management Company' is standard misnomer"; and (2) "Loop Cold Storage Management Company should be deemed a party on appeal under the virtual representation doctrine."

A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam). Loop Cold Storage Management Company essentially argues that it is the same entity as "Loop Cold Storage Management Company, L.P." ("Loop Cold Storage Management Company, L.P. and Loop Cold Storage Management Company are not separate and distinct legal entities; Loop Cold Storage Management Company, L.P. does not exist at all.").

The doctrine of virtual representation is an exception to the rule that appeals are usually limited to parties of record in the trial court below. *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 279 (Tex. App.–Corpus Christi 2007, no pet.). "An appellant is a deemed party under virtual representation when '(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment.'" *Id.* (quoting *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 755 (Tex. 2003) (quoting *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999)).

Appellants did not raise either of these arguments in the trial court below, and accordingly, neither issue has been preserved for our review. *See* TEX. R. APP. P. 33.1;

because of our disposition, we need not address appellee Vasquez's arguments.

11

*see also Carr v. Main Carr Dev., LLC*, No. 05-10-01346, 2011 WL 1238390, at *2 (Tex. App.–Dallas March 31, 2011, pet. filed) (holding that, in interlocutory appeal of trial court's denial of a motion to compel a nonsignatory to an arbitration agreement, appellant failed to raise agency theory in trial court, and thus failed to preserve the issue).

## IV. CONCLUSION

Because we conclude that appellants lack standing, we dismiss the appeal for lack of jurisdiction.[7] We grant Ibarra's "Partially Uncontested Motion to Dismiss" and deny any relief not granted herein.[8]

DORI CONTRERAS GARZA
Justice

Delivered and filed the
16th day of June, 2011.

---

[7] Appellants argue that this Court "cannot dismiss the appeal in its entirety because Ibarra fail[ed] to request dismissal of the appeal of Loop Cold Storage McAllen, L.P." We disagree. Because both appellants lack standing, we dismiss the appeal for want of jurisdiction as to both appellants.

[8] We note that upon return to the trial court, appellants, Loop Cold Storage Management Company and Loop Cold Storage McAllen, LP, may file motions to compel arbitration and may make arguments to the trial court—including those made here—for why such motions should be granted.